## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

DELORES A. CAMPBELL

      PLAINTIFF,

v.                          CIVIL ACTION NO.:

FL HUD BAYBREEZE LLC.

      DEFENDANT.

_____/

## COMPLAINT

Plaintiff, DELORES A. CAMPBELL, (hereinafter referred to as the "Plaintiff" or "Campbell"), by and through her undersigned attorney, sues the defendant, FL HUD BAYBREEZE. (hereinafter referred to as the "Defendant" or "Baybreeze"), alleges as follows:

### *JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, age, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Age Discrimination in Employment Act of 1967 (ADEA), 29

1

U.S.C. § 262 et seq.; and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

2.     Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.     Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.     Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202021842) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000208) on October 3, 2019. On April 23, 2020, more than 180 days since Plaintiff's charge was filed, the FCHR had not

concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on August 21, 2020.

## *PARTIES*

7.     Plaintiff is a Caucasian female and a citizen of the State of Florida, Santa Rosa County and who resides in Gulf Breeze, Florida. She was employed by Defendant from October 1992, until September 6, 2019.

8.     Defendant, FL HUD Baybreeze, LLC. ("Baybreeze"), is an assisted living and adult day care facility located in Gulf Breeze, Florida.

9.     Defendant is an employer within the meaning of the ADA, ADAA, ADEA, and the Florida Civil Rights Act as it employs in excess of twenty (20) employees.

## *FACTS*

10.     Plaintiff is a sixty-five (65) year old Caucasian female.

11.     Plaintiff was employed by Defendant, FL HUD Baybreeze, LLC. ("Baybreeze"), at its' assisted living and adult day care facility located in Gulf Breeze, Florida.

12.     Defendant is an employer within the meaning of the ADA, ADAA, ADEA, and the Florida Civil Rights Act as it employs in excess of twenty (20) employees.

13.     Plaintiff began her employment with Defendant, on or about October 15, 1992.

14.     Throughout the course of Plaintiff's employment, she held positions of a Certified Nurse's Assistant ("CNA") and Restorative CNA.

15.     During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in an exceptional manner and was not subject of any disciplinary issues prior to her termination.

16.     On March 1, 2019, during non-work hours, Plaintiff broke her arm and was went out on Family and Medical Leave Act ("FMLA") leave.

17.     On June 5, 2019, Plaintiff returned to work.

18.     On June 7th, 2020, two days after returning from FMLA leave due to a broken arm, Plaintiff suffered an on the job injury to her back.

19.     Plaintiff notified Defendant of the workplace injury and indicated that she was in severe pain.

20.     Plaintiff sought medical treatment and was diagnosed with Lumbar Radiculopathy.

21.     On July 18, 2019, Defendant's workers compensation carrier denied Plaintiff's workers' compensation claim.

22.     On or about August 2, 2019, Plaintiff's treating physician instructed that she could return to work with restrictions of light duty.

23.    At the time of Plaintiff's injury she was performing the duties of a Restorative CNA.

24.    Upon being notified of Plaintiff's restrictions, Defendant denied Plaintiff the ability to return to work light or restricted duty.

25.    Prior to Plaintiff's request for accommodation, Defendant accommodated younger employees with similar job duties and restrictions with light duty employment.

26. Plaintiff had the ability to perform the essential functions of her position with or without a reasonable accommodation.

27. Defendant had knowledge of Plaintiff's physical disability, back injury when she informed Defendant of her disability on or before June 7, 2019.

     A.    Defendant was aware of Plaintiff's disability.

     B.    Plaintiff is a qualified individual with a disability:

          (i)    she had a physical impairment that substantially limited one or more major life activities: Plaintiff suffered from mobility, bending, lifting and fatigue;

          (ii)    Plaintiff was under the treatment of a doctor for the care and treatment of her physical disabilities.

          (iii)  she has a record of such impairment; and,

          (iv)  she was regarded (perceived or otherwise) by Defendant as having such impairments.

28.    Plaintiff's disabilities substantially affected the major life activities of concentration, mobility, lifting and bending.

29.     Plaintiff had the ability to perform the essential functions of her position as a Restorative CNA and could have done so with or without an accommodation had Defendant allowed her to return to her position as a Restorative CNA.

30.     However, on September 6, 2019, Defendant terminated Plaintiff's employment just a few weeks after it denied her workers' compensation claim and after its refusal to reasonably accommodate Plaintiff with light duty as it has in similar instances with other employees.

### FIRST CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

31.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

32.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

33.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42

U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

34.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

35.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

36.     The adverse personnel action, the termination of Plaintiff's employment,   clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

37.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory  discharge from Defendant's employment.

38.     As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

39.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

40.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

41.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

42.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act

Amendments of 2008.

43.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

44.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

45.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

46.     The adverse personnel action, the termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

47.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in

that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

48.      As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

49.      Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

50.      Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

51.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

52.     Defendant discriminated against Plaintiff on the basis of her disability, perceived or otherwise, in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

53.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

54.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

55.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

56.     The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

57.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

58.     As a result of Defendant's wrongful  and unlawful discriminatory acts  against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

59.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

60.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

61.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

62.     This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

63.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

64.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

65.     Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

66.     The adverse personnel action, the termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

67.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in

that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

68.     As a result of the Defendant's  wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

69.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

70.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

### FIFTH CAUSE OF ACTION
*(FLORIDA'S WORKERS' COMPENSATION RETALIATION § 440.205)*

71.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

72.     Defendant's   conduct   and   commissions   constitutes   intentional

14

discrimination and unlawful employment practices based upon Workers'
Compensation Law. FLA. STAT. § 440.205.

73.     Defendant's acts were with malice and with reckless disregard for
Plaintiff's statutorily protected rights.

74.     This is an action to remedy discrimination and retaliation on the basis
of Plaintiff's engaging in protective activity of informing Defendant of a work
related injury and seeking workers compensation benefits in the terms, conditions,
and privileges of her employment with Defendant in violation of the Workers'
Compensation Law. FLA. STAT. § 440.205.

75.     Any possible assertion that there was a viable business justification
for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and
discrimination against her for engaging in a protective activity.

76.     The adverse personnel action, Plaintiff's termination, clearly violated
Plaintiff's right under the Workers' Compensation Law. FLA. STAT. § 440.205
and such action clearly constituted a prohibited employment practice, contrary to
the public policy of the State of Florida.

77.     As a result of the Defendant's violations of the Workers'
Compensation Law. FLA. STAT. § 440.205, the Plaintiff has been substantially
damaged, in that she has lost wages, associated job benefits; and in addition, she
has sustained compensatory damages, based upon emotional distress, associated

with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

78.    As a result of the  wrongful and unlawful  retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

### SIXTH  CAUSE OF ACTION
(AGE DISCRIMINATION – FCHR)

79.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

80.    This is an action to remedy discrimination on the basis of Plaintiff's age in the terms, conditions, and privileges of her employment with Defendant in violation of  the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

81.  At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

82.    At all times material hereto, Defendant was an employer within the meaning of national origin in violation of the Florida Civil Rights Act of 1992, as

amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 20 employees.

83. Plaintiff is a 64 year old Caucasian female.

84. Plaintiff is a highly qualified CNA with more than 20+ years of experience.

85. While employed with Defendant, Plaintiff performed the duties and responsibilities of her position in a more than satisfactory manner.

86. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's discrimination against her for engaging in a protective activity.

87. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

88. As a result of the Defendant's violations of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

89.     As a result of Defendant's wrongful and unlawful discriminatory actions against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

90.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

91.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## SEVENTH CAUSE OF ACTION
### (AGE DISCRIMINATION - ADEAA)

92.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 30 of this complaint with the same force and effect as if set forth herein.

93.     This is an action to remedy retaliation by the Defendant in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

94.     At all times material hereto, Plaintiff was an employee of Defendant

within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

95.    At all times material hereto, Defendant was an employer within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), as the Defendant employed more than 20 employees.

96.    Plaintiff is a 64 year old Caucasian female.

97.    Plaintiff is a highly CNA with more than 20+ years of experience.

98.    While employed with Defendant, Plaintiff performed the duties and responsibilities of her position in a more than satisfactory manner.

99.    Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity.

100.    The adverse personnel action, the termination of Plaintiff's employment, clearly violated Plaintiff's right under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA), and such action clearly constituted a prohibited employment practice, contrary to the public policy of the FCRA.

101.    As a result of the Defendant's violations of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments

(ADEAA), the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

102.     As a result of Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

103.   Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

104.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 262 et seq., and Amendments (ADEAA).

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.     Declaring the acts and practices complained of herein are violation of the ADAA, Florida Civil Rights Act (FCRA), Florida's Worker's Compensation Retaliation § 440.205, Florida Statue, and the ADEA.

b.     Enjoining and permanently restraining those violations of the ADAA, Florida Civil Rights Act (FCRA), the Florida's Worker's Compensation Retaliation § 440.205 Florida Statue, and the ADEA.

c.     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

i.     Awarding Plaintiff Front Pay in lieu of reinstatement;

ii.     Awarding Plaintiff compensatory damages;

iii.     Awarding Plaintiff liquidated damages;

iv.     Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.     Granting such other and further relief as the Court deems just and

proper in the premises.

<u>*DEMAND FOR JURY TRIAL*</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 28, 2020.           By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for the Plaintiff